UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-cv-423-KSF

JOHN F. WOODS                                                                     PLAINTIFF

vs.                               **OPINION AND ORDER**

MICHAEL J. ASTRUE, Commissioner
    of Social Security                                                   DEFENDANT

      This matter is before the Court on the Motion of Plaintiff to reverse the decision of the Commissioner denying benefits [DE 2]. Having been fully briefed, this motion is ripe for review.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

      Plaintiff filed an application for a period of disability and disability insurance benefits on September 27, 2005, claiming disability since August 1, 2004. [TR 47-49]. He also applied for supplemental security benefits. [DE 10-2, p. 1]. Both claims were denied initially and again on reconsideration. Following a request, a formal hearing was held February 8, 2007, and Administrative Law Judge ("ALJ") Letchworth rendered an unfavorable decision on May 12, 2007. The Appeals Council advised it could find no basis for granting review, and this action was initiated December 12, 2007. *Id.* At the hearing, Plaintiff was forty-three years of age. *Id.* at 2. He has a GED and has worked in the past as a construction worker and a bartender. *Id.*

      The ALJ concluded that Plaintiff has not been under a disability from August 1, 2004 through the date of his decision. [TR 14]. He found that Plaintiff suffered two severe impairments: degenerative disc disease of the lumbar spine and obstructive sleep apnea, but neither or both met or medically equaled one of the listed impairments. [TR 16-17]. He concluded that Plaintiff was not able to perform past relevant work, but has the residual functional capacity to perform light work under certain restrictions. [TR 18-20].

Plaintiff's claims on appeal are that the ALJ failed "to provide specific rationale for rejecting [Plaintiff's] testimony" and failed "to adequately consider the claimant's pulmonary impairment in regard to his ability to perform a restricted range of light work." He argues that the ALJ relied on his own opinion, rather than that of the treating physician who said Plaintiff was unable to work. He claims the findings are not supported by substantial evidence. Plaintiff asks that his claims be remanded for "proper evaluation of the medical evidence of record." *Id.* at 4-6.

## II. ANALYSIS

### A. Standard of Review

"Disability" is defined as "the inability to engage in 'substantial gainful activity,' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Commissioner of Social Security* 502 F.3d 532, 539 (6th Cir. 2007); 42 U.S.C. § 423(d)(1)(A). In determining whether a claimant has a compensable disability under the Social Security Act, the Commissioner must follow a five-step "sequential evaluation process." 20 C.F.R. § 404.1520(a)-(e); *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997). Those five steps were summarized in *Walters* as follows:

1. If the claimant is doing substantial gainful activity, he is not disabled.

2. If the claimant is not doing substantial gainful activity, his impairment must be severe before he can be found disabled.

3. If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

4. If the claimant's impairment does not prevent him from doing past relevant work, he is not disabled.

5. Even if the claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

2

*Id.* "[D]uring the first four steps, the claimant has the burden of proof; this burden shifts to the Commissioner only at Step Five." *Id.*

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and whether the proper legal standards were followed. *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994); *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Id.* "Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached." *Her v. Commissioner of Social Security*, 203 F.3d 388, 389-90 (6th Cir. 1999). *See also Colvin*, 475 F.3d at 730.

The opinion of a treating physician must be considered together with the other relevant evidence to determine whether the opinions are internally consistent, externally consistent with the record as a whole, and supported by clinical findings. 20 C.F.R. §§ 404.1527(b), (c), (d)(3)-(4). A disability opinion by a treating physician is to be given controlling weight only if it is consistent with other evidence and supported by clinical and laboratory findings. 20 C.F.R. §§ 404.1527(b), (d)(2), (3)-(4); Social Security Ruling ("SSR") 96-2P, 1996 WL 374188; *Jones v. Commissioner of Social Security*, 336 F.3d 469, 477 (6th Cir. 2003).

**B.     Whether the ALJ's Decision Is Supported By Substantial Evidence**

Mr. Woods was a factory machine operator from 1981 to 1989. [TR 82]. He testified that he did construction work from 1991 until 2005. [TR 196]. He did some construction work in the summer of 2005 and earned a little over $3,000. [TR 197]. During this time, he was carrying two-by-fours and two-by sixes. [TR 210]. He also worked as a bartender in 2005. [TR 199]. Mr.

Woods is the primary caregiver for his four-year-old son. [TR 201]. He testified that he is not able to work now because of a herniated disc and associated pain in his lower back and right leg. [TR 205]. He said this pain is constant. [TR 217-218]. He attributes this injury to a fall from the top of a three-story home in 1993. [TR 206]. He suffers from sleep apnea, but that "never did keep me from working." [TR 214]. He uses a CPAP machine at night, and it helps. [TR 215-216]. He was scheduled for reconstructive surgery on his sinuses, but he cancelled that. [TR 223]. He has no other problems that keep him from working. [TR 217].

Mr. Woods' physician recommended physical therapy for his back, and he testified that it helped. [TR 208, 212, 224]. His orthopedic surgeon, Dr. Chambers, did not recommend surgery, although his regular physician, Dr. Hill, said he needed surgery. [TR 224-225]. Mr. Woods continues to do stretching exercises every day. [TR 213, 220]. He also takes Lortab for pain relief. [TR 208, 213].

Mr. Woods was examined by Dr. Kennedy on January 2, 2006. [TR 109-114]. Dr. Kennedy found that Mr. Woods had degenerative disk disease of the lumbosacral spine, but opined that he "should be able to work 8 hours a day in a seated or standing position" and "should be allowed to change positions frequently." [TR 112].

The ALJ concluded that Mr. Woods has two severe impairments: degenerative disc disease of the lumbar spine and obstructive sleep apnea. [TR 16]. However, he found that these impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ noted that the "medical evidence does not show ongoing neurological involvement, which is required to meet any subsection of that listing." [TR 17]. It is noteworthy that Mr. Woods does not challenge this decision of the ALJ nor refer to any medical evidence to contradict the finding.

The ALJ further found that "the claimant's medically determinable impairments could reasonably be expected to produce symptoms, including pain, but not to the extent alleged by the

4

claimant." [TR 19]. After review of the entire record, he concluded that "claimant has the residual functional capacity to perform light work that allows for the claimant to alternate between sitting and standing every 20-30 minutes, and that does not require any crawling or climbing of ladders, ropes, or scaffolds; more than occasional crouching, bending, or stooping; or no more than occasional operation of foot controls with the right leg." [TR 18].

Plaintiff complains that the ALJ failed "to adequately consider the claimant's pulmonary impairment in regard to his ability to perform a restricted range of light work." However, the ALJ said in his findings: "The claimant also testified to sleep apnea symptoms, but stated that this condition has not prevented him from working. He uses a CPAP machine, which helps." [TR 19]. The ALJ accurately described Plaintiff's testimony that his sleep apnea did not keep him from working. No further consideration was warranted.

Plaintiff complains that the ALJ merely summarized his testimony and did not provide any specific rationale for rejecting it. The record is unquestionably to the contrary. The ALJ detailed the inconsistencies between Dr. Hill's conclusion that Plaintiff was unable to work due to his back injury and Plaintiff's own testimony and medical history. Plaintiff claimed the onset of his disability was in August 2004, but his only visit to Dr. Hill in 2004 was in May for upper respiratory complaints. He did not seek treatment again until February 2006. The ALJ noted that Dr. Hill's opinions are not supported by his own treatment notes. There was no notation of neurological abnormality other than one notation of absent ankle reflex in June 2006. Additionally, Dr. Chambers, an orthopedic surgeon, recommended physical therapy rather than surgery. Plaintiff alleged he could not lift more than ten pounds, but for three months in the summer of 2005, he did construction work involving lifting two-by-fours and two-by-sixes. Plaintiff also is the primary caretaker for his four-year-old child, "who would certainly weigh more than 10 pounds." [TR 19-20]. Plaintiff complained that he could sit comfortably for only 15-20 minutes, but Dr. Kennedy observed that he appeared to sit comfortably throughout the examination process. [TR 17]. Thus,

5

the ALJ pointed out that Dr. Hill's opinion is inconsistent with (1) his own records, (2) the opinion of the orthopedic surgeon, (3) the opinion of the consulting physician, and (4) the testimony of the plaintiff. No deference to Dr. Hill's opinion is warranted under these circumstances. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 477 (6th Cir. 2003).

Plaintiff did not challenge the legal standards applied by the ALJ. The only claim was that the ALJ's findings were not supported by substantial evidence. The record reveals, instead, that the findings are fully supported by substantial evidence. Accordingly, the decision of the ALJ must be affirmed.

### III. CONCLUSION

The Court, being otherwise fully and sufficiently advised, **HEREBY ORDERS**:

A. Plaintiff's Motion for Summary Judgment [DE 2] is **DENIED**;

B. The Commissioner's Motion for Summary Judgment [DE 11] is **GRANTED** and the decision of the Commissioner **AFFIRMED** pursuant to sentence 4 of 42 U.S.C. § 405(g) as it was supported by substantial evidence and decided by the proper legal standards;

C. Judgment in conformity shall be entered contemporaneously with this Opinion.

This September 4, 2008.



Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**